Hernandez Lopez v. Garland

BIA
Christensen, IJ
A087 509 782

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

JULISSA GABRIELA HERNANDEZ LOPEZ,
> *Petitioner,*

v.                                        19-1712
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Daniel R. Spensieri, Law Office of Daniel Spensieri PC, White Plains, NY.

**FOR RESPONDENT:**     Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Julissa Gabriela Hernandez Lopez ("Hernandez Lopez"), a native and citizen of Guatemala, seeks review of a May 17, 2019 decision of the BIA affirming a January 25, 2018 decision of an Immigration Judge ("IJ") denying asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the Convention Against Torture ("CAT"). *In re Julissa Gabriela Hernandez Lopez*, No. A087-509-782 (B.I.A. May 17, 2019), *aff'g* No. A087-509-782 (Immig. Ct. N.Y. City Jan. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history. For the following reasons, we deny Petitioner's petition for review.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of*

2

*Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo*. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("Courts review *de novo* the legal determination of whether a group constitutes a 'particular social group' under the INA."); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (applying substantial evidence standard to nexus determination); *Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009) (applying substantial evidence standard to CAT claim). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.   Asylum and Withholding of Removal

To obtain asylum or withholding of removal, an applicant must establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b) (asylum), 1208.16(b)(1), (2) (withholding). Hernandez Lopez asserted a fear of future persecution by gang members in Guatemala on account of her membership in the purported particular social group of "16-

year-old minors who are likely to be homeless if they return to Guatemala." App'x 1, 7. To demonstrate eligibility for relief based on membership in a "particular social group," an applicant "must establish both that the group itself was cognizable, and that the alleged persecutors [would] target[] [her] on account of her membership in that group." *Paloka*, 762 F.3d at 195 (internal quotation marks and citation omitted). A particular social group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007) (per curiam). The agency reasonably concluded that the proposed group is not cognizable and that Hernandez Lopez failed to demonstrate a nexus between her fear of gang members and her proposed social group.

First, as to cognizability, "class status does not establish a social group with sufficient particularity." *Id.* at 74 (citing *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234,

4

240 (2d Cir. 1992) (holding that "poor" Yemeni Muslims are not a particular social group because the group "possess[es] broadly-based characteristics")). The characteristic "likely to become homeless" is subjective and too loosely defined to delineate any boundary to the group. *See Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991) ("Possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group.").

Hernandez Lopez's group also fails the social distinction requirement. The fact that a group is more visible or vulnerable to criminals does not make it socially distinct: "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA." *Ucelo-Gomez*, 509 F.3d at 73. "[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's perception." *Paloka*, 762 F.3d at 196; *see also Matter of M-E-V-G-*, 26 I. & N. Dec. at 240 (social group must be

5

"perceived as a group by society" and members need not be identifiable by sight). Hernandez Lopez's fear that gang members will target her for being a possibly homeless teen is not a basis for a particular social group. *See Ucelo-Gomez*, 509 F.3d at 74. Nor is her contrasting fear that gang members will perceive her as wealthy because she is coming from the United States. *See id.* at 73 (the perception of wealth is "too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group").

Second, as to nexus, the applicant must provide direct or circumstantial evidence of the persecutor's motives, *i.e.*, that the persecutor seeks to harm the applicant on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence of [motive], direct or circumstantial").

Here, substantial evidence supports the agency's finding that Hernandez Lopez did not establish a nexus. She argues that she established the requisite nexus because she would be "an easy target" for the gangs. Pet. Br. 12. But general crime and "act[s] of random violence" do not form the

6

requisite nexus to a protected ground, *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999), and Hernandez Lopez testified that gangs will attack anyone because they want money.

## II. CAT Protection

The agency's denial of CAT protection is also supported by substantial evidence. *See Weng*, 562 F.3d at 513, 516. Hernandez Lopez had the burden to show that she is "more likely than not to be tortured," § 1208.16(c)(4), and that "government officials [would] know of or remain willfully blind to an act [of torture]," *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004); *see* 8 C.F.R. § 1208.18(a)(1).

In determining whether torture is more likely than not, the agency is required to consider "past torture" and country conditions. § 1208.16(c)(3). Hernandez Lopez testified that gang members never harmed her, and could not recall if gang members ever harmed her family members. Her country conditions evidence of crime and violence, without more, is insufficient to demonstrate that gang members will more likely than not single her out for torture and that government officials will acquiesce to that torture. *See Wang v.*

7

*Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) ("[W]hile Wang's testimony as well as some of his 'country conditions' documents . . . indicate that some prisoners in China have been tortured, Wang has in no way established that someone in his particular alleged circumstances is more likely than not to be tortured if imprisoned in China." (internal citation and emphasis omitted)); *Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court